IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| CONNIE ROSKA, JAMES ROSKA, RUSTY ROSKA, JESSICA ROSKA, MARIA STEWART,<br><br>              Plaintiffs,<br><br>v.<br><br>MELINDA SNEDDON, SHIRLEY MORRISON, COLLEEN LASATER,<br><br>              Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:99CV112DAK |

This matter is before the court on Defendants Melinda Sneddon, Shirley Morrison, and Colleen Lasater's Motion for Summary Judgment and Plaintiffs Connie and James Roska's Motion to Set Aside Order Dismissing Claims. The court concludes that a hearing would not substantially aid in its determination of the present motions. Having fully considered the motions and memoranda submitted by the parties and the facts and law relevant to this motion, the court enters the following Order.

### DISCUSSION

#### Defendants' Motion for Summary Judgment

Defendants move for summary judgment based on two recent Tenth Circuit decisions that

1

they believe have created a change in the law previously applied by the courts in this case. *See Arredondo v. Locklear*, 462 F.3d 1292 (10th Cir. 2006); *Gomes v. Wood*, 451 F.3d 1122 (10th Cir. 2006). Defendants argue that the Tenth Circuit had previously held in this case that the emergency circumstances exception to the notice and hearing requirement could only be met by "something approaching probable cause" to believe that "an immediate threat to the safety of a child" existed. *Roska v. Peterson*, 328 F.3d 1230, 1245, 1250 (10th Cir. 2003). However, the Tenth Circuit has more recently held that the removal of a child without a court order can be justified when officials have "'evidence giving rise to a reasonable and articulable suspicion that the child has been abused or is in imminent peril of abuse.'" *Arredondo*, 462 F.3d at 1298 (quoting *Gomes*, 451 F.3d at 1129).

In *Gomes*, the Tenth Circuit recognized that its prior cases, involving *Roska*, had not provided a precise definition of "emergency circumstances which pose an immediate threat to the safety of a child." 451 F.3d at 1128. Rather, the court acknowledged that in cases, including *Roska*, it had concluded only that "the requisite emergency circumstances did not exist." *Id.* Although Defendants argue that the Tenth Circuit has adopted a new standard, it appears to this court that it is merely clarifying its standard. In neither of the cases cited by Defendants does the court put its decision in either of its *Roska* opinions in doubt. The court cites to *Roska* as a case where no emergency situation existed, which is consistent with its previous holdings. Therefore, the court does not find a basis for reconsidering or altering its previous rulings in this case. Accordingly, Defendants' Motion for Summary Judgment is denied.

### **Plaintiffs' Motion to Set Aside Order Dismissing Claims**

Plaintiffs move this court for an order setting aside the dismissal of the claims by

Plaintiffs Rusty Roska, Jessica Roska, and Maria Stewart (collectively, "the children"). This court previously dismissed these claims concluding that Defendants were entitled to qualified immunity because the right was not clearly established at the time of the Defendants' actions. In connection with the prior motion, neither party cited any case law that recognized a child's liberty interest in familial association

Plaintiffs assert that a recent unpublished opinion from the Tenth Circuit establishes that the right to familial association between siblings has been recognized since 1985. *See Suasnavas v. Stover*, 2006 WL 2458678 (10th Cir. 2006). *Suasnavas* relies on the Tenth Circuit's reported decision in *Trujillo v. Board of County Commissioners*, 768 F.2d 1186 (10th Cir. 1985). In *Trujillo*, the plaintiffs were a mother and her adult daughter, and they "allege[d] that the wrongful death of their [adult] son and brother . . . while incarcerated . . . deprived them of their constitutional right of familial association." *Id.* at 1187. The Tenth Circuit concluded that "[a]lthough the parental relationship may warrant the greatest degree of protection and require the state to demonstrate a more compelling interest to justify an intrusion on that relationship, we cannot agree that other intimate relationships are unprotected and consequently excluded from the remedy established by section 1983." *Id.* at 1188. Thus, the court held "that [the mother] and [sister] had constitutionally protected interests in their relationship with their son and brother." *Id.* at 1189.

Defendants contend that Plaintiffs waived their claims by failing to preserve the issue on appeal when they appealed Judge Benson's grant of qualified immunity and when Plaintiffs and Defendants appealed this court's March 26, 2004 Order.

After this court's March 26, 2004 Order, both Plaintiffs and Defendants filed notices of

3

appeal.  Plaintiffs appealed this court's dismissal of the children's claims based on qualified immunity.  On May 13, 2005, the Tenth Circuit dismissed Plaintiffs' appeal of this court's grant of qualified immunity on the grounds that this court's order granting immunity was not immediately appealable while Plaintiffs Connie and James Roska's claims remain pending in the district court.  *Roska v. Peterson*, Slip Copy, No. 04-4096 (10th Cir. May 15, 2005).  Therefore, the issue could not be raised in the second appeal and was not waived by that appeal.

Defendants also contend that the children's claims are foreclosed by the Tenth Circuit's opinion in the first appeal.  The first appeal was brought after Judge Benson had dismissed all of the claims in this case.  Therefore, in the first appeal, the Tenth Circuit addressed each of Plaintiffs' claims.  The court's discussion of Plaintiffs' claim regarding a right to maintain a family relationship, which is the claim Plaintiffs now assert involves the children's liberty interest in familial association, focused only on the procedural due process rights to notice and a hearing before the removal of a child.  First, in finding that Plaintiffs had sufficiently alleged a violation of their due process rights, the Tenth Circuit discussed only the right to a parent's right to notice and hearing before a temporary removal of a child.  Next, in determining that the law on this claim was clearly established, the court relied on *Malik v. Arapahoe County Dep't of Soc. Servs.*, in which the court held that it was "clearly established that, except in extraordinary circumstances, a parent has a liberty interest in familial association and privacy that cannot be violated without adequate pre-deprivation procedures."  191 F.3d 1306, 1315 (10th Cir. 1999).  The court did not address the claim as a substantive due process liberty interest or as a claim by the siblings.  It also did not recognize whether the siblings would have a similar right to procedural due process before the removal of a sibling.  The court agrees with Defendants that

the only claim surviving the Tenth Circuit's first decision was the parents' procedural due process rights to notice and a hearing.

The Tenth Circuit's ruling is consistent with this court's previous ruling that the children's claims were not clearly established.  *Suasnavas* involved a substantive due process claim under Section 1983 whereas this case involves only a procedural due process claim.  The Tenth Circuit clearly construed Plaintiffs' claim to maintain a familial relationship as only a procedural due process claim.   Therefore, Plaintiffs' Motion to Set Aside Order Dismissing Claims is denied.

## CONCLUSION

Based on the above reasoning, Defendants Melinda Sneddon, Shirley Morrison, and Colleen Lasater's Motion for Summary Judgment is DENIED, and Plaintiffs Connie and James Roska's Motion to Set Aside Order Dismissing Claims is DENIED.

DATED this 24th day of May, 2007.

_____
DALE A. KIMBALL
United States District Judge