IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| **CONNIE ROSKA, et al.,**  Plaintiffs,  v.  **MELINDA SNEDDON,**  Defendants. | **ORDER**  Case No. 1:99CV112DAK |

This matter is before the court on Plaintiffs' Motion for Attorney's Fees pursuant to 42 U.S.C. § 1988, Plaintiffs' Memorandum of Costs pursuant to 28 U.S.C. § 1924, and Defendants' Bill of Costs. The motions are fully briefed, and the court concludes that oral argument would not significantly aid in the court's determination of the motions. DUCivR7-1(f). Based on the memoranda and materials submitted by the parties, as well as the facts and law related to these motions, the court enters the following Order.

## DISCUSSION

Determining fees and costs at the conclusion of litigation is a three-step process. *Knight v. Snap-on Tools Corp.*, 3 F.3d 1398, 1403-06 (10th Cir. 1993). The court must first determine which party is entitled to costs and fees under the applicable statutes and rules. *Id.* at 1403-04. Second, the court must determine whether the fees and costs were cut off by a pre-judgment offer under Rule 68 of the Federal Rules of Civil Procedure. *Id.* at 1404-05. Lastly, the court must determine whether the fees and costs sought are reasonable.

### A. Applicable Statutes and Rules

Plaintiffs seek costs and fees as the prevailing party under 42 U.S.C. § 1988. Under Section 1988, "in any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." *Id.* § 1988(b). The parties agree that Plaintiffs are the prevailing party because they prevailed on their due process claim and were awarded nominal damages. *Farrar v. Hobby*, 506 U.S. 103, 112 (1992) (holding that plaintiff who wins nominal damages is prevailing party under Section 1988). Therefore, the issue before the court is the proper amount of fees and costs that should be awarded to Plaintiff.

### B. Rule 68 Offers of Judgment

Defendants argue that Plaintiffs' fees and costs are cutoff by Defendants' Rule 68 offer of judgment made on June 25, 2000, because the offer was for $5000 and Plaintiff's ultimately recovered a verdict of $2. Defendants' June 25, 2000 offer of judgment provides as follows:

> Pursuant to Rule 68(b) of the Federal Rules of Civil Procedure, defendants offer judgment to be taken against them jointly by plaintiffs in the amount of Five Thousand and no/100 Dollars and offer judgment to be taken against them jointly for an additional sum for accrued costs and reasonable attorney fees recoverable under 42 U.S.C. § 1988, to be determined by the Court.

Under Rule 68 of the Federal Rules of Civil Procedure, if a defendant makes a formal offer of judgment and the final judgment is less than the offer of judgment, "the otherwise 'prevailing' plaintiff is precluded from recovering his [or her] post-offer costs*.*" *Knight*, 3 F.3d at 1404. Rule 68 "prompts both parties to a suit to evaluate the risks and costs of litigation, and to

balance them against the likelihood of success upon trial. *Marek v. Chesny*, 473 U.S. 1, 5 (1985).

"[T]he term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." *Id*. "Thus, absent congressional expressions to the contrary, where the underlying statute defines 'costs' to include attorney's fees, . . . such fees are to be included as costs for purposes of Rule 68." *Id*. Plaintiffs seek attorney's fees pursuant to Section 1988, which awards fees as part of the costs. *See* 42 U.S.C. § 1988(b); *see also Knight*, 3 F.3d at 1404 (recognizing that fees under Section 1988 are part of costs under Rule 68).

Plaintiffs, however, assert that Defendants' Rule 68 offers did not cut off their costs and fees because the offers did not comply with Rule 68. Plaintiffs contend that the offers are invalid because they were made in consideration for a dismissal of the lawsuit, they were not an admission of liability, and they fail to apportion the offer between Plaintiffs.

There is no case law to support Plaintiffs' position that a denial of liability invalidates a Rule 68 offer of judgment. In fact, the only case law on the issue appears to rule the other way. In *Staples v. Wikesberg,* 122 F.R.D. 541, 544 (E.D. Wis. 1988), the court found that the plaintiff's claim that a Rule 68 offer was invalid because it did not explicitly admit to liability was "utterly without merit." *See also Jolly v. Coughlin*, 1999 WL 20895 (S.D.N.Y. Jan. 19, 1999) (holding that express denial of liability in Rule 68 offer did not invalidate offer). An admission of liability is only a consideration in a Rule 68 offer if the plaintiffs are seeking injunctive or declaratory relief. In this case, however, Plaintiffs sought money damages. Liability was not a necessary part of the judgment.

Plaintiffs also claim that the offer of judgment's condition to dismiss the case made the

3

offer ambiguous because it could have impacted Plaintiffs' status as the prevailing party and their ability to obtain fees and costs. The offer, however, specifically included fees and costs.

In addition, Plaintiffs' contention that the language in the offer of judgment stating that it was in consideration for a dismissal of the action against Defendants has no specific support from case law. Plaintiffs contend that a dismissal of the case when judgment is entered would defeat the purpose of the rule because payment of the judgment and satisfaction of the judgment is necessary. Plaintiffs do not explain the difference between a payment of a judgment and the satisfaction of a judgment. The court also fails to appreciate why such payment and/or satisfaction cannot occur if the case is dismissed. A judgment essentially dismisses a case. The offer in this case allowed for judgment to be entered against Defendants and the case to be dismissed. The court typically enters judgment and closes the case. The court finds no appreciable difference between the dismissal of a case and the closing of a case. Plaintiffs are too concerned with semantics. The relevant language in the offer is that Defendants allowed for judgment to be entered against them. A judgment, whether the case is then dismissed or closed, can still be enforced through the power of the court.

The critical element of a valid Rule 68 offer is not the terms of the offer, but the offer to allow judgment to be entered against the defendant. In *Marek v. Chesny*, the Supreme Court noted that "the drafter's concern was not so much with the particular components of offers, but with the judgments to be allowed against defendants." 473 U.S. 1, 6 (1985). Therefore, the court recognized that "the critical feature of the Rule is that the offer be one that allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued*.*" *Id*.

Plaintiffs further assert that the offer of judgment is invalid because it did not make a separate offer to each Plaintiff. The Tenth Circuit has not addressed the issue but it has recognized that "the offeree must know what is being offered in order to be responsible for refusing the offer." *Arkla Energy Resources v. Roye Realty*, 9 F.3d 855, 867 (10th Cir. 1993). Based on this language in *Arkla*, the District Court of Kansas in *Lintz v. American General Finance, Inc.*, 76 F. Supp. 2d 1200 (D. Kan. 1999), stated that it "believes that the Tenth Circuit would conclude that a Rule 68 offer made to multiple plaintiffs is not valid unless it provides individualized offers to each plaintiff." *Id.* at 1213.

The *Lintz* court concluded that because the defendants "failed to apportion their offer between the plaintiffs," the "plaintiffs simply could not measure the value of defendants' offer in relation to the merits of their individual claims." *Id.* Therefore, the *Lintz* court denied the Defendants' motion for costs, concluding that the "plaintiffs should not suffer the consequences of rejecting defendants' offer." *Id.*

Defendants' June 2000 offer of judgment in this case was made to the then five plaintiffs "jointly." This case finds no basis for determining that the Plaintiffs court not measure the value of the Defendants' offer in relation to the merits of their individual claims. Plaintiffs were represented by the same attorney. If each Plaintiff had been represented by a different attorney then there may have been a problem with measuring the value of the offer as to each Plaintiff. But Plaintiffs' attorney was in a better position than even the Defendants to evaluate the value of each of their claims.

In this case, it is also clear that Plaintiffs recovery was nowhere near the offer of $5,000 plus attorney's fees and costs. The offer was 2500 times greater than what Plaintiffs ultimately

recovered. Plaintiffs cannot escape the requirements of Rule 68 merely because they gambled and lost. Rule 68 requires party's to critically consider the value of their cases. If Rule 68 is interpreted too strictly or technically, it decreases its effectiveness of promoting settlement.

Plaintiffs further argue that even if the court considers the offers of judgment to be a factor, the Tenth Circuit has already held that a court may award attorney's fees even for those fees incurred after an offer of judgment has been made. Plaintiff cites to *Dalal v. Alliant Techsystems, Inc.*, 182 F.3d 757 (10th Cir. 1999), in which the Tenth Circuit recognized that it had held that "Rule 68 does not bar any award of attorneys fees in an FLSA case for services rendered after a Rule 68 offer is made and a plaintiff recovers less than the amount offered in settlement." *Id*. at 760. As recognized by language of the Tenth Circuit's ruling, *Dalal* involved fees awarded under the fees provision of the FLSA. In contrast to Section 1988, the FLSA awards attorney's fees separate from, rather than as part of, the costs*. Id*. The Supreme Court recognized in *Mareck* that fees under section 1988 are awarded as part of the costs. Therefore, with respect to an award of there is a critical distinction between civil rights actions and FLSA actions.

Plaintiffs also attempt to distinguish cases based on the amount of money offered in the offer of judgment and the timing in the litigation that the offer was made. Neither of these factors appear relevant. Plaintiffs rhetoric stating that Defendants' offer was a "token offer" made early on "for the sole purpose of putting the plaintiffs at peril under Rule 68" is unhelpful to the issues at hand. Neither party had any inclination when the June 2000 offer of judgment was made that the case would be litigated for seven years. The innuendo that Defendants made the offer of judgment "early on" in bad faith is belied by the circumstances of the case at the time the

offer was made. Many of the key depositions had been taken and within seven months of the offer Defendants had succeeded in obtaining a full dismissal of the case. Judge Benson's dismissal of the case came after he requested the parties to brief the issue of qualified immunity, and his request for briefing on the issue happened in connection with the jury instructions submitted for the trial of the matter. Plaintiffs also state somewhat disingenuously that after Defendants made their offer of judgment, Defendants "then spent the next seven years running up Plaintiffs' legal fees." But it was Plaintiffs who had to appeal the case to get their claims reinstated. And, even then, only one claim survived. When this court denied qualified immunity on the remaining claim and Defendants appealed, the Tenth Circuit's decision contained a strong dissent. Therefore, Plaintiffs' claims to succeeding "regularly" in this litigation are not supported by the record. Given the split of opinion in the legal rulings in this matter, Plaintiffs should have been on notice that there were substantial risks to taking the case to trial. The fact that some judges viewed that there was no case, should have been a warning sign that jurors could feel the same way.

While Plaintiffs focus on the many responsibilities of Defendants making offers of judgments, Defendants are not the only parties with a responsibility. Rule 68 "prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial." *Marek* 473 U.S. at 5. Plaintiffs had an obligation to seriously consider these offers and weigh the risks of proceeding.

The court concludes that Defendants' June 2000 offer of judgment was valid and cut off Plaintiffs' entitlement to fees and costs as of June 25, 2000. In addition, under Rule 68, if a defendant makes an offer of judgment and the plaintiff prevails but recovers less than the offer of

judgment, the plaintiff must pay the defendant's post-offer costs. *Knight v. Snap-on Tools Corp.*, 3 F.3d 1398, 1405 (10th Cir. 1993). Therefore, Plaintiffs are also subject to the cost-shifting provisions of Rule 68 and are liable for Defendants' costs as of the date of the offer of judgment, June 25, 2000.

**C. Reasonableness of Costs and Fees**

Once a court determines which party is entitled to costs and fees, it must determine a reasonable amount for costs and fees. Local Rule of Practice 54-2(f) provides that the motion must state the basis for the award, state the amount claimed, and be accompanied by an affidavit of counsel setting forth the scope of the effort, the number of hours expended, the hourly rates claimed, and any other pertinent supporting information.

Defendants argue that the court should not award Plaintiffs any attorney's fees because they failed to document their fees. Plaintiffs' reply memorandum supplements the information provided in the initial motion. The reply provides Plaintiffs' counsel's complete billing records and an affidavit supporting counsel's hourly billing rate. Defendants do not take issue with Plaintiffs' billing records in their supplemental memorandum. Defendants take issue only with Plaintiffs' counsel's claimed hourly billing rate. Plaintiffs' counsel claims that his rate was $200 an hour for work performed from July 1999 to May 2004 and $400 an hour for work performed after May 2004.[1]

The parties agree that $200 an hour is a reasonable fee for the Salt Lake area for an attorney with fifteen years of experience. Plaintiffs' counsel began practicing law in 1993. When

---

[1] Plaintiffs also seek attorney's fees for Sharon Sipes, however, she was not involved in the case until 2007. Because the court concludes that Plaintiffs fees were cutoff by the June 2000 offer of judgment, none of Sipes fees are recoverable.

the case began, he had six years of experience. When the offer of judgment was made in June 2000, Plaintiffs' counsel had seven years of experience. Given the rates charged by attorneys in the Salt Lake market from 1999 to 2004, the court finds $200 an hour for an attorney with six to ten years of experience reasonable, but at the high end of the reasonableness scale.[2]

Awarding Plaintiffs fees up to June 25, 2000, at $200 an hour, entitles Plaintiffs to attorneys fees in the amount of $28,840.00. Plaintiffs are also entitled to costs incurred up to June 25, 2000. In a civil rights lawsuit under Section 1983, costs for the defendants include those costs described in 28 U.S.C. § 1920. *See Knight*, 3 F.3d at 1404. Plaintiffs submitted a memorandum of costs detailing costs incurred before June 25, 2000, in the amount of $3103.05. Therefore, the court awards Plaintiffs fees and costs in the amount of $31,943.05.

Because of the cost-shifting provision of Rule 68, Defendants have also submitted a bill of costs in the amount of $4174.77. These costs were incurred by the state after June 25, 2000. Defendants' Bill of Costs requests costs for witness fees, 28 U.S.C. § 1920(3), service of subpoena fees, *id.* § 1920(1), court reporter fees, *id.* § 1920(2), and copying and exemplification costs, *id.* § 1920(4). Plaintiff has not opposed the reasonableness of these costs, therefore, the court finds that Defendants are entitled to an award of costs in the amount of $4174.77.

## CONCLUSION

Based on the above reasoning, Plaintiffs' Motion for Attorney's Fees pursuant to 42 U.S.C. § 1988 is GRANTED IN PART AND DENIED IN PART, Plaintiffs' Memorandum of

---

[2] Although this court has found that Plaintiffs' fees were cut off by Defendants' offer of judgment in June of 2000, even if this court were to award fees incurred after Defendants' 2000 offer of judgment, the court would have to conclude that $400 per hour for an attorney of ten years of experience is not a reasonable rate in the Salt Lake market.

Costs pursuant to 28 U.S.C. § 1924 is GRANTED IN PART AND DENIED IN PART, and Defendants' Bill of Costs is GRANTED. Plaintiffs are awarded a total of $27,768.28, which is equal to the amount of fees and costs to which they are entitled minus the costs to which the Defendants are entitled.

DATED this 20th day of November, 2007.

_____
DALE A. KIMBALL
United States District Judge